69 F.3d 539
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Frank J. FLOWERS, Petitioner-Appellant,
v.
John M. HURLEY, Respondent-Appellee.
 No. 95-1524.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 18, 1995.[1]
Decided Oct. 23, 1995.
 
 Before POSNER, Chief Judge, and CUMMINGS and BAUER, Circuit Judges.
 
 ORDER
 
 1
 Petitioner filed a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241, challenging procedures related to the revocation of his parole.
 
 
 2
 In 1985, petitioner was convicted of possession and delivery of cocaine in violation of 21 U.S.C. Sec. 846, and was sentenced to 12 years' imprisonment. After serving six years of the sentence, petitioner was released on parole. In August 1993, petitioner was arrested in Indiana and charged with possession and delivery of cocaine. The Parole Commission lodged a detainer against him for violation of the conditions of his parole. In February 1994, an Indiana state court convicted petitioner of drug possession violations and failure to pay excise tax. That court sentenced petitioner to 50 years' imprisonment. In April 1994, petitioner was released into federal custody and committed as a parole violator, and was ordered to complete the remainder of his federal sentence before being returned to the custody of the state of Indiana.
 
 
 3
 On June 22, 1994, a parole revocation hearing was held. Petitioner pled guilty to the five of six charges,[2] but plead not guilty to the sixth charge: violating the law against possession and dealing cocaine and failing to pay excise tax. The parole hearing officer altered the sixth charge from possession and delivery of 3 grams of cocaine, to possession of between 1.0 and 9.9 grams of freebase cocaine and possession of 5.07 grams of cocaine of unknown purity with the intent to deliver. In denying petitioner's administrative appeal, the National Appeals Board stated: "You had adequate notice of the charges against you. Charge 6 informed you that the Commission would consider the circumstances of your state conviction, which included possession of cocaine, not simply dealing cocaine to a confidential informant. You were charged with possession and with dealing."
 
 
 4
 We review a decision of the Parole Commission for arbitrariness or capriciousness. Schiselman v. United States, 858 F.2d 1232, 1237 (7th Cir.1988).
 
 
 5
 Petitioner maintains that this alteration violated his right to due process because he had no notice of the fact that the parole violation charge would be altered in such a manner. Petitioner fails to indicate the relevance of the change, and instead simply argues that if he had received notice prior to the hearing he would have prepared a better defense and would not have waived his right to counsel. The Parole Commission merely corrected their records to reflect the same language as that used by the Indiana court. Nothing in this correction denied petitioner his right to receive proper notice of the charges against him. We agree with the district court that the change was insignificant.[3]
 
 
 6
 Finally, petitioner argues that Parole Commission violated his due process rights when it refused to credit his sentence with the time he served on parole prior to revocation. When a parolee has been "convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment ..., forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty." 28 C.F.R. Sec. 2.52(c)(2). Petitioner waived this issue by not raising it in his administrative proceedings. Moreover, he tells us nothing that might indicate the existence of mitigating circumstances.
 
 
 7
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 [1]
 The appellee has notified the court that it will not be filing a brief in this appeal. After preliminary examination of the briefs, the court notified the appellant that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that he might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the appellant's brief and the record
 
 
 [2]
 Those five charges were: using a dangerous and habit forming drug; failing to submit a supervision report; failing to report a change in residence; violating a special condition; and leaving the district without permission
 
 
 [3]
 We also agree with the district court's comment: "[Petitioner] should have known that his conviction was going to be difficult to explain away in his revocation proceedings. If he waived his right to counsel and failed to prepare a defense only because he believed that he could 'beat' the charge by pointing out technical inaccuracies in the description of his Indiana drug offense, he made a gross miscalculation."